UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER RICHESON,

    Plaintiff,

  v.

TIM FERRO, *et al.*,

    Defendants.

Case No. C10-0676RSL

ORDER GRANTING
MOTION TO DISMISS

This matter comes before the Court on defendants' motion to dismiss plaintiff's complaint for (1) insufficient service of process, (2) lack of personal jurisdiction, and (3) failure to respond to defendants' discovery requests. Defendants include GEICO Insurance Company ("GEICO"), and three individuals currently or formerly affiliated with GEICO: Tim Ferro, Chrissy Rulon, and Kay Martin. Plaintiff, who is proceeding *pro se*, contends that he had a contract with GEICO to provide towing and roadside services, but that GEICO and the individual defendants breached the contract. In addition to a breach of contract claim, plaintiff asserts a violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.* and the "Unfair & Deceptive Business Practices Act."

For the reasons set forth below, the Court grants the motion.

Pursuant to Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 120

ORDER GRANTING
MOTION TO DISMISS - 1

days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Plaintiff filed his complaint on April 20, 2010, more than 120 days ago. Plaintiff contends that he has effected service, but the evidence he filed shows that he merely mailed copies of the summons and complaint to defendants at various GEICO addresses. The Federal Rules of Civil Procedure do not permit service of the summons and complaint by mail alone. Fed. R. Civ. P. 4(e). Accordingly, plaintiff has failed to properly serve defendants and the time for doing so has elapsed. Plaintiff has not requested additional time to effect service. Although the Court may order plaintiff to properly serve defendants, it declines to do so because plaintiff has shown an unwillingness to comply with the Federal Rules of Civil Procedure. After defense counsel informed him that he had not properly effected service, defense counsel states that plaintiff "explained that he had no intention of personally serving any of the Defendants even if the Court dismissed the matter." Declaration of W. Sean Hornbrook, (Dkt. #24) at ¶ 3. Plaintiff does not deny that statement. Moreover, plaintiff has refused to respond to defendant's interrogatories and requests for production. Id. at ¶ 4. Although he states in response to the motion that defendants do "not have a need to Know [sic]" certain information requested, he never served objections nor provided a response to the other requests. He has never moved for a protective order. Plaintiff's refusal to comply with the rules and cooperate in the prosecution of his case demonstrate that he will not properly effect service even if given more time to do so. Therefore, the Court will dismiss this case without prejudice rather than ordering service.

Even if the failure to effect service was not dispositive, the Court would dismiss this case against the individual defendants for lack of personal jurisdiction. Plaintiff has failed to allege any facts about the individual defendants that would demonstrate that this Court has personal jurisdiction over them. Because the Court finds that plaintiff has failed to timely serve defendants or to establish personal jurisdiction, it need not consider defendants' request to

ORDER GRANTING
MOTION TO DISMISS - 2

1  dismiss this matter for plaintiff's failure to respond to discovery requests.[1]

2  Accordingly, the Court GRANTS defendants' motion (Dkt. #23) and dismisses this case
3  without prejudice.  The Clerk of the Court is directed to enter judgment in favor of defendants
4  and against plaintiff.

6  DATED this 5th day of January, 2011.

                                    Robert S. Lasnik
                                    United States District Judge

---

[1] Because the Court is not compelling plaintiff to respond to discovery or dismissing the case based on discovery violations, it denies defendants' request to impose sanctions on plaintiff for his failure to comply with discovery.

ORDER GRANTING
MOTION TO DISMISS - 3